UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAVID ABIE MOILWA,

Petitioner,

v.

CURTIS J. ALJETS,
District Director INS,

Respondent.

Civil No. 01-616 (ADM/AJB)

**ORDER**

This matter is before the Court pursuant to Petitioner's pro se motion seeking leave to amend his pending habeas corpus petition. ("Petitioner Seeking leave to Amend the Complaint," [Docket No. 10].) Petitioner's motion will be denied for three reasons.

First, it appears that Petitioner is currently represented by counsel in this matter. [1] That being the case, he is not authorized to file a motion pro se. See United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.) ("[t]here is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel"), cert. denied, 513 U.S. 909 (1994). For this reason alone, his current motion to amend can be summarily denied. Abdullah v. United States, 240 F.3d 683, 686 (8th Cir.) ("[a] district court has no obligation to entertain pro se motions filed by a represented party"), cert. denied, 122 S.Ct. 278 (2001).

[1] Although Petitioner initially appeared pro se in this matter, Attorney Lawson A. Waturuocha later appeared and filed a motion on Petitioner's behalf. (Docket No. 5.) The Court can find nothing to indicate that Attorney Waturoucha has withdrawn from the case, and, according to the Clerk's records, he is still the attorney of record for Petitioner in this matter.

FILED JUN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Second, Petitioner's motion to amend was not accompanied by a copy of the entire proposed amended pleading, as required by the Local Rules ("LR") of this District. LR 15.1 expressly states that:

> "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

Because Petitioner's motion to amend did not include a copy of his entire proposed amended petition, as clearly required by LR 15.1, his motion is improper.

Third, Petitioner's proposed amendment does not appear to set forth any new factual or legal grounds in support of his application for habeas corpus relief. As far as the Court can tell, Petitioner is simply reiterating the arguments raised in his original petition. Thus, it would serve no useful purpose to grant Petitioner leave to amend. See Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (leave to amend will not be granted when it is apparent that the attempted amendment would be futile).

If Petitioner's counsel believes there are any factual or legal grounds for granting a writ of habeas corpus that have not been presented to the Court, then counsel shall file a memorandum describing such matters by no later than July 15, 2002. If any such memorandum is filed, Respondent shall have until August 5, 2002, to file a reply memorandum.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion seeking leave to amend his petition, (Docket No. 10), is DENIED; and

2. Petitioner's counsel shall have until July 15, 2002, to file a memorandum in support of Petitioner's application for habeas corpus relief, setting forth any factual or legal arguments that have not yet been adequately presented to the Court; and Respondent shall have until August 5, 2002, to file a reply memorandum.

Dated: June 24th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge