UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Abie Moilwa,

Petitioner,

v.

Curtis J. Aljets,
Director of INS,

Respondent.

Civil File No. 01-616 (ADM/AJB)

**REPORT AND RECOMMENDATION**

Lawson A. Waturoucha, Esq., 1575 W. University Ave., St. Paul, MN 55104, for Petitioner.[1]

Mary Jo Madigan, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

ARTHUR J. BOYLAN, United States Magistrate Judge

Petitioner David Abie Moilwa ("Moilwa" or "petitioner") commenced this action by filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. He is asking the Court to bar the United States Immigration and Naturalization Service, ("INS") from removing him to South Africa. He claims that respondent erred when it found that he was convicted of an aggravated felony, which subjects him to removal and renders him ineligible for asylum and cancellation of removal. Petitioner argues that denial of discretionary relief from removal deprives him of due process under the Fifth Amendment to the Constitution.

[1] Petitioner's counsel did not file a reply memorandum in support of petitioner's application for habeas corpus. The Court presumes that petitioner is represented by Attorney Waturuocha, who filed an emergency motion on his behalf. According to the record, petitioner's counsel has not withdrawn from the case.

FILED NOV 0 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Respondent has filed an answer and contends that this action should be dismissed for lack of jurisdiction. Respondent further contends that petitioner's conviction for driving while under the influence of intoxicating liquor is an aggravated felony which subjects him to removal and precludes him from seeking discretionary relief.

The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court concludes that jurisdiction exists over petitioner's habeas corpus petition; and the crime upon which petitioner was convicted is not an aggravated felony; thus, the Court need not reach the due process issue. It will therefore be recommended that habeas corpus relief be granted to petitioner.

## I. BACKGROUND

Petitioner was born in South Africa in 1962. In the late 1980's, he was a soldier for the African National Congress in Angola. In 1990, he entered the United States as a refugee under the Immigration and Nationality Act. On March 31, 1992, Moilwa's status was adjusted to lawful permanent resident retroactive to date of entry. Petitioner has a common law wife who is a U.S. citizen and two children who are U.S. citizens.

On November 7, 1994, petitioner pled guilty, under North Dakota law, to the offense of driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. On January 11, 1999, petitioner pled guilty to a Class C felony under the same law and was sentenced to twelve months imprisonment.

On August 10, 1999, the INS commenced removal proceedings charging petitioner with removability as an alien convicted of an aggravated felony in that he had been convicted of a crime of violence for which a term of imprisonment is at least one year. See 8 U.S.C. § 1227(a)(2)(A)(iii)

(removal ground); 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16 (definition of aggravated felony). An alien convicted of an aggravated felony is conclusively presumed deportable. 8 U.S.C. § 1228(c).

At a hearing in Immigration Court on November 2, 1999, the Immigration Judge determined that Moilwa had been convicted of a crime of violence as defined under 18 U.S.C. § 16. The Court designated South Africa as the country for removal. Moilwa filed applications for asylum, withholding of removal, cancellation of removal, and relief under Article 3 of the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. However, aggravated felons are barred from obtaining cancellation of removal or asylum. See 8 U.S.C. § 1158(b)(2)(B); 8 U.S.C. § 1229b(a)(3).

In December 1999, an Immigration Judge affirmed the finding that a felony conviction for driving under the influence was a crime of violence. The Immigration Judge denied Moilwa's applications for withholding of removal and relief under Article 3 of the Convention Against Torture. The Immigration Judge ordered Moilwa removed to South Africa. Moilwa filed an appeal with the Board of Immigration Appeals on January 14, 2000. The Board of Immigration Appeals affirmed the Immigration Judge's findings and dismissed Moilwa's appeal on September 7, 2000. Moilwa was detained in INS custody after the warrant for removal was issued. Moilwa remains in INS custody at the Minnesota Correctional Facility in Rush City, Minnesota. Petitioner filed the present petition for a writ of habeas corpus on April 9, 2001.

## II. JURISDICTION

Before reaching the legal issues raised by petitioner, it is first necessary to determine whether this case can properly be entertained in a federal district court. Respondent contends that the issue

of petitioner's removability for conviction of an aggravated felony is a legal question the court of appeals has authority to decide on direct review.

Recently, the Eighth Circuit Court of Appeals recognized that judicial review of removal orders under the Immigration Nationality Act have been significantly restricted by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Omar v. INS, 298 F.3d 710, 713 (8th Cir. 2002). Specifically, IIRIRA provides: "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain offenses listed therein. 8 U.S.C. § 1252(a)(2)(C).

The Supreme Court has not directly addressed the jurisdiction of the courts of appeals under this provision. However, in dicta, the Supreme Court recognized that the government conceded the "courts of appeals have the power to hear petitions challenging factual determinations thought to trigger the jurisdiction-stripping provision (such as whether an individual is an alien and whether he or she has been convicted of an "aggravated felony" within the meaning of the statute." Calcano-Martinez v. INS, 533 U.S. 348, 350, n.2, 121 S.Ct. 2268 (2001). Every circuit court to address the issue has decided that it has jurisdiction to decide whether the offense of conviction is an aggravated felony. Omar, 298 F.3d at 713. Thus, the Eighth Circuit held that it has jurisdiction to decide whether an offense is an aggravated felony for purposes of the INA. Id. at 714. If the jurisdictional facts exist, the court of appeals will find that the jurisdiction-stripping provision applies and will dismiss for lack of jurisdiction. See e.g. Omar v. INS, 298 F.3d 710 (8th Cir. 2002); Francis v. Reno, 269 F.3d 162, 165 (3rd Cir. 2001); Tapia Garcia v. INS, 237 F.3d 1216 (10th Cir. 2001).

However, the issue at hand is not whether the Court of Appeals can address the merits of petitioner's arguments but whether this court has jurisdiction over his petition for habeas corpus

under 28 U.S.C. § 2241. Respondent contends that "habeas jurisdiction is not available to by-pass direct review" or that petitioner "may not now use habeas corpus to bypass [direct review] or cure his failure to exhaust his statutory remedy." However, respondent does not point to any of the provisions of IIRIRA or any other statute that require a petitioner to seek direct review before filing a habeas petition or that there are any consequences for failure to exhaust a "statutory remedy." Apparently, the "statutory remedy" that respondent contends must be exhausted is to seek direct review in the Court of Appeals, which has the power to determine whether the jurisdictional facts exist to trigger the jurisdiction-stripping provision. The term "statutory remedy" seems to be an inappropriate description of a provision that reads "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses. However, the review that is available in the courts of appeals may provide the same result as a review on the merits, if the only issue raised is whether the offense of conviction is one which triggers removability under the statute. See e.g. Zavaleta- Gallegos v. INS, 261 F.3d 951, 955 (9th Cir. 2001)(jurisdictional question and merits collapse into one) That is not the case here, as petitioner also alleges that his ineligibility for discretionary relief violates his right to due process under the Fifth Amendment of the Constitution.

Although respondent does not use the phrase "partial repeal," respondent implies that the statutory scheme of the immigration reform laws has partially repealed habeas jurisdiction in the district courts in that habeas jurisdiction exists only where there is no alternative judicial forum with power to review the alien's legal challenge. Because the Constitution forbids suspension of the writ

of habeas corpus,[2] and several courts of appeals have suggested that even a partial repeal of the habeas statute would violate the Suspension Clause,[3] special heed must be paid to the Supreme Court's instruction that "when a particular interpretation of a statute invokes the outer limits of Congress' power, we expect a clear indication that Congress intended that result." INS v. St. Cyr, 533 U.S. 289, 299, 121 S.Ct. 2271 (2001).

In St. Cyr, a resident alien wanted the INS to waive a removal order that had been entered against him because he had been convicted of a crime. The INS contended that two laws enacted in 1996, the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act, ("IIRIRA"), took away the Attorney General's authority to waive removal orders. The alien, St. Cyr, filed a habeas corpus action claiming that the Attorney General still retained such authority, (and, presumably, that such authority should be exercised in his favor).

Before reaching the merits of St. Cyr's claims, the Supreme Court had to decide whether those claims could properly be raised in a habeas corpus proceeding. The Attorney General argued that habeas review was barred by four sections of the new 1996 laws – section 401(e) of AEDPA, and three sections of IIRIRA – 8 U.S.C. §§ 1252(a)(1), 1252(a)(2)(C) and 1252(b)(9). St. Cyr, 533

---

[2] The "Suspension Clause" is Article I, Section 9, Clause 2 of the Constitution, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

[3] See Flores- Miramontes v. INS, 212 F.3d 1133, 1142 (9th Cir. 2000) citing Sandoval v. Reno, 166 F.3d 225, 237 (3rd Cir. 1999); Henderson v. INS, 157 F.3d 106, 120 (2nd Cir. 1998); Goncalves v. Reno, 144 F.3d 110, 122-23 (1st Cir. 1998).

U.S. at 298.[4] Even though all four of these laws broadly bar "judicial review" of INS removal orders, the Supreme Court concluded that St. Cyr could still raise his legal arguments pertaining to his removal order in a habeas corpus petition filed in a federal district court.

In reaching that conclusion, the Supreme Court was guided by the "strong presumption in favor of judicial review of administrative action and the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." Id. The Court also noted "'the longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien.'" Id. at 320, quoting INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). Finally, the Court emphasized that "some 'judicial intervention in deportation cases' is unquestionably 'required by the Constitution.'" St. Cyr, 533 U.S. at 300, quoting Heikkila v. Barber, 345 U.S. 229, 235, 73 S.Ct. 603 (1953). Because habeas corpus appeared to be the only means by which St. Cyr could secure "judicial intervention" in his case, the Court found that a serious constitutional problem would exist if the various new laws cited by the INS actually did bar St. Cyr from seeking habeas corpus relief. St. Cyr, 533 U.S. at 305.

Similarly, the Eighth Circuit held that "Congress in enacting AEDPA and IIRIRA in 1996

---

[4] The first of these new laws (AEDPA § 401(e)) repealed 8 U.S.C. § 1105a(a)(10), which had provided that "any alien held in custody pursuant to an order of deportation may obtain review thereof by habeas corpus proceedings." See id. at 2284. The second new law, 8 U.S.C. § 1252(a)(2)(C), provides that "[j]udicial review of a final order of removal" is available only in a federal circuit court of appeals. See id. at 2285. The third new law, 8 U.S.C. § 1252(b)(9), similarly indicates that "[j]udicial review of all questions of law and fact, including interpretations and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section" – i.e., only in the court of appeals. Finally, 8 U.S.C. § 1252(a)(2)(C) provides that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain crimes specified by law. See St. Cyr, 121 S.Ct. at 2284-85.

did not clearly and expressly repeal 28 U.S.C. § 2241." Shah v. Reno, 184 F.3d 719, 724 (8th Cir. 1999). The court reasoned: "[p]ersonal liberty, even the liberty of a non-citizen, is precious. That is the reason why habeas corpus is mentioned in the express words of our original Constitution. The pretension, by an official of the Executive Branch, that someone can be imprisoned without review by any outside authority is one we are reluctant to accept. It is exactly for this reason that the law requires Congress, if it wishes to accomplish any such result, to say so in terms. It has not done so here." Id. However, the court expressly limited its holding to the facts of the case stating, "[a]s to whether the new provisions of that Act, as added by IIRIRA, exclude all judicial review, including habeas corpus, in other cases, we express no view." Id.

Respondent argues that St. Cyr is inapposite because in St. Cyr there was no other available judicial forum with power to decide the alien's challenge to the legality of his removal order. Respondent contends that because the courts of appeals retain power to decide the purely legal question of removability for conviction of an aggravated felony, that the Supreme Court's rationale for construing habeas jurisdiction to exist in St. Cyr is not present here.

The Court cannot accept this proposition for several reasons. First, although petitioner raises the purely legal question of removability for conviction of an aggravated felony, he also alleges that the denial of discretionary relief from removal deprives him of due process under the Fifth Amendment, an issue that is not a jurisdictional fact that can be determined by the Court of Appeals. Second, the Supreme Court in St. Cyr relied on another rationale, not addressed by respondent here, in deciding that the immigration reform laws did not implicitly repeal habeas jurisdiction. The Court stated:

> Implications from statutory text or legislative history are not

> sufficient to repeal habeas jurisdiction; instead, Congress must articulate specific and unambiguous statutory directives to effect a repeal.

St. Cyr, 533 U.S. at 299. It is notable that the Supreme Court stated: "[f]or the INS to prevail it must overcome *both* the strong presumption in favor of judicial review of administrative action *and* the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." (emphasis added) Id. at 298.

Respondent has not overcome the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction by demonstrating that the court of appeals has limited jurisdiction to decide whether the offense that petitioner was convicted of is an aggravated felony subjecting him to removal. "The existence of 'another avenue for judicial review' is simply insufficient to communicate an intent to repeal habeas jurisdiction." Mahadeo v. Reno, 226 F.3d 3, 13 (1st Cir. 2000)(citation omitted). In fact, inference of an intent to repeal the availability of § 2241 from Congress' decision to make available another avenue for judicial review was precisely what the Supreme Court has rejected. Id.[5]

Respondent cites Daneshvar v. Chauvin, 644 F.2d 1248 (8th Cir. 1981) for the proposition that habeas corpus is not available to test the legality of an alien's deportability when the court of appeals has jurisdiction to directly review that issue. In Daneshevar, the court declined to interpret

---

[5] See Felker v. Turpin, 516 U.S. 651, 116 S.Ct. 2333 (1996), where the Court held that a provision of AEDPA, which prevented the Supreme Court from reviewing a Court of Appeals order denying leave to file a second habeas petition, did repeal by implication the Supreme Court's authority to entertain original habeas petitions, and provisions of AEDPA creating a gatekeeping mechanism in the Court of Appeals did not apply to the Supreme Court's consideration of original petitions. And see Ex parte Yerger, 75 U.S. 85 (1869) where the Court avoided impairing the historical core of habeas jurisdiction by interpreting the repeal of an 1867 statute conferring habeas jurisdiction as affecting only appeals under the 1867 Act, and not appeals under the Judiciary Act of 1789, which provided the grant of habeas jurisdiction for prisoners in federal custody.

"the habeas corpus provision" of the Immigration and Nationality Act ("INA") as creating habeas court jurisdiction in all cases where the petitioner was in custody because another provision of the INA conferred exclusive jurisdiction to review final orders of deportation on the courts of appeals. 644 F.2d at 1251. Neither of the statutory provisions discussed in Daneshvar are at issue in this case, in fact, they have been replaced by the statutory scheme that was analyzed by the Supreme Court in St. Cyr. See supra note 4. Furthermore, the Daneshvar Court was not faced with the issue of whether a statutory scheme implicitly repealed the general grant of habeas jurisdiction under 28 U.S.C. § 2241.

It is presumed that Congress knows the law. Flores-Miramontes, 212 F.3d at 1138. Established Supreme Court precedent requires a clear statement of congressional intent to repeal habeas jurisdiction. St. Cyr, 533 U.S. at 298. Congress had not done so here. For the reasons discussed above, the Court finds that jurisdiction exists under 28 U.S.C. § 2241 to review the merits of the present habeas petition. Although concurrent jurisdiction in the district court and the court of appeals over the issue of whether an offense is an aggravated felony which subjects an alien to removal "may not be an efficient mechanism and...is likely the result of too many congressional amendments not clearly coordinated with one another...until Congress revamps the judicial review provisions once again, or the Supreme Court provides further guidance...habeas jurisdiction is available." See Wallace v. Reno, 194 F.3d 279, 285 (1st Cir. 1999)(holding that habeas review over final orders of deportation is available under IIRIRA's transitional rules).[6] Having found that

---

[6] The following case illustrates concurrent jurisdiction in this Circuit. In Gavilan-Cuate v. Yetter, 94 F.Supp.2d 1039, 1040-42 (D.Minn. 2000), the District Court, adopting the Report and Recommendation of the Magistrate Judge, held that it had jurisdiction to review a habeas corpus petition where the petitioner challenged the INS' determination that petitioner's offense, relating to alien smuggling, was an aggravated felony within the meaning of the immigration laws. The court

jurisdiction exists, the Court will address the merits of petitioner's claims.

## III. Whether the Offense of Conviction Is An Aggravated Felony

Petitioner contends that driving under the influence of intoxicating liquor is not a crime of violence because it does not involve a substantial risk that the perpetrator will intentionally employ physical force. Petitioner argues that the words "use of force" in the statutory definition of crime of violence refer to purposeful and not accidental use of force. Petitioner contends that the force applied to a person or property in a driving collision is not the type of force that is used against a person in a crime of violence. Petitioner states that his driving offenses did not result in harm to a person or property.

Although the Eighth Circuit has not addressed the issue of whether driving under the influence of intoxicating liquor is an aggravated felony for removal purposes, as defined by reference to 18 U.S.C. § 16, it has held that criminal vehicular homicide fits within the statutory definition. Omar v. INS, 298 F.3d 710 (8th Cir. 2002). Omar is instructive with respect to the proper standard of review and the merits of the claim.

---

went on to find that petitioner's offense did not constitute an aggravated felony. Id. at 1042.

On appeal, the Eighth Circuit noted that Gavilan-Cuate had previously petitioned the Court of Appeals for review of the BIA's final order of removal. At that time, the government conceded that the Court of Appeals "had jurisdiction to determine 'the preliminary jurisdictional fact of whether petitioner's crime for which he was convicted and upon which he was ordered removed constitute[d] an aggravated felony.'" The Court of Appeals determined that Gavilan-Cuate had been convicted of an aggravated felony, therefore, it dismissed the appeal because it lacked jurisdiction to review final orders of removal against aliens convicted of certain criminal offenses under 8 U.S.C. § 1252(a)(2)(C). Gavilan-Cuate v. Yetter, 276 F.3d 418, 419 (8th Cir. 2002).

The Court of Appeals held that its earlier determination was binding on the district court's subsequent habeas review of the same issue. Id. at 420. The Court recognized that jurisdictional determinations are not usually binding on future proceedings but are binding as to issues addressed by the Court in determining the jurisdictional question. Id. The court did not address the issue of whether habeas jurisdiction was proper in the District Court.

An alien is subject to removal if he is convicted of an aggravated felony, defined under the INA as an offense punishable by at least one year and a crime of violence as defined under 18 U.S.C. § 16. See 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Section 16(b) directs the focus of inquiry to a generic analysis of the nature of the felony rather than examination of the facts of the individual case. Omar, 298 F.3d at 714. A de novo review of the question of whether the offense is a crime of violence under Section 16 is appropriate because the INS' interpretation of a criminal statute that it does not administer is not entitled to the customary deference of agency interpretations. Id.

A violation of the North Dakota offense of driving under the influence of intoxicating liquor occurs when:

> 1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:
> a. That person has an alcohol concentration of at least ten one-hundredths of one percent by weight at the time of performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle.
> b. That person is under the influence of intoxicating liquor.[7]
> ...
> 2. A person violating this section or equivalent ordinance is guilty of

[7] Subsections c and d of the statute apply to persons under the influence of other drugs, and combinations of drugs and alcohol. N.D. Cent. Code § 39-08-01(c), (d).

> a class B misdemeanor for the first or second offense in a five year period, of a class A misdemeanor for a third offense in a five year period, of a class A misdemeanor for the fourth offense in a seven-year period, and of a class C felony for a fifth or subsequent offense in a seven-year period.
>
> ...

N.D. Cent. Code § 39-08-01.

Petitioner's arguments are directed at Section b of the definition of crime of violence. Therefore, the issue is whether violation of the offense at issue "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Although the Omar Court held that criminal vehicular homicide is a crime of violence, the court noted that "(c)riminal vehicular homicide differs from many types of driving under the influence offenses in that it always involves the killing of a person." Id. at 717., 243 F.3d 921 (5th Cir. 2001). Significantly, the court distinguished Dalton v. Ashcroft, 257 F.3d 200 (2d Cir. 2001) because "it involved a statute which did not require "risk of physical force' and under which someone asleep at a wheel of a car whose engine was not running could be found guilty of operating a vehicle while intoxicated." Id. The same is true in this case.

A violation of the statute at issue in this case occurs either when a person is driving while intoxicated or when a person is in actual physical control of a vehicle while intoxicated. N.D. Cent. Code § 39-08-01. "Actual physical control" has been found to include the following situations: a motorist was behind the wheel of a parked vehicle with the keys in the ignition but the engine wasn't running, Buck v. North Dakota State Hwy. Comm'r, 425 N.W.2d 370 (N.D. 1988); an individual sat in the passenger side and started the vehicle to turn the heat on, City of Valley City v. Berg, 394

N.W.2d 690 (N.D. 1986); and a motorist was asleep at wheel of parked car with the engine running, State v. Schwalk, 430 N.W. 2d 317 (N.D. 1988). Thus, violation of the statute, by its nature, does not require a "substantial risk" that physical force may be applied because it punishes behavior that does not in itself pose such a risk. Likewise, the statute is not a crime of violence under Section 16(a) because a violation of the statute can occur by conduct that does not rise to the level of "the use, attempted use, or threatened use of physical force against the person or property of another."

The statute at issue is not a crime of violence under 18 U.S.C. § 16(b) or an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and respondent erred in concluding that petitioner is subject to removal as a result of conviction under N.D. Cent. Code § 39-08-01. Therefore, it is recommended that petitioner's habeas corpus petition be granted.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for a writ of habeas corpus, (Docket No. 1), should be GRANTED.

DATED: 11/6, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings,

recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.